IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SARA GRANDA,

    Plaintiff,

    v.

LAW SCHOOL ADMISSION COUNCIL, INC.,

    Defendant.

CIV-S-05-1090 DFL KJM

MEMORANDUM OF OPINION AND ORDER

    Plaintiff Sara Granda moves for a temporary restraining order to compel defendant Law School Admission Council, Inc. ("LSAC") to grant her request for accommodations for the June 6, 2005 Law School Admissions Test ("LSAT"). The plaintiff's motion is GRANTED in part and DENIED in part.

    To secure a temporary restraining order, plaintiff must demonstrate "*either* a combination of probable success on the merits and the possibility of irreparable injury, *or* that serious questions are raised and the balance of hardships tips sharply in [her] favor." Rodde v. Bonta, 357 F.3d 988, 994 (9th Cir. 2004) (citing Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427,

1430 (9th Cir. 1995)) (emphasis in original).

The Department of Justice has interpreted the Americans with Disabilities Act ("ADA") to permit private organizations that administer examinations for post-secondary applications to require a disabled applicant to provide advance notice of her need for accommodation.  28 C.F.R. Pt. 36, App. B. However, the requirement for advance notice must not be "unreasonable and the deadline for such notice [must not be] earlier than the deadline for others applying to take the examination." Id.

Plaintiff timely registered as a late registrant.  She also asserts that by that date she provided LSAC with all the necessary materials for her accommodation request.  However, LSAC refuses to process her application because she also timely registered under the regular registration deadline.  LSAC asserts that once a registrant submits an application for the regular deadline, she may not submit a second timely application for the late registration deadline, even if she withdraws her first registration, pays the late fee, and her papers are otherwise in order.  Therefore, if plaintiff had first filed on May 4 for the late registration, LSAC would process her application.  Because she first applied for regular registration by the May 3 deadline, however, LSAC declines to permit her to go forward as a late registrant.

Plaintiff alleges that defendant's policy of prohibiting disabled test-takers who register during the regular registration period from re-registering during the late registration period

2

for purposes of submitting a timely accommodation application is unreasonable and results in an earlier registration deadline for applicants seeking accommodations. (Mot. at 10-11.) At least at this juncture, the policy appears discriminatory because applicants for accommodations are, on the record before the court, the only class of persons prohibited from re-registering for late registration once they have registered during the regular registration period. Thus, for example, it appears that a non-disabled applicant who cancelled her timely registration and then changed her mind and registered as a late registrant, paying the additional fee, would be permitted to sit for the examination. Despite an invitation to file the written instructions that forbid timely re-registration by any applicant, whether disabled or not, defendant has failed to do so.[1] Because defendant has not provided any evidence that non-disabled applicants are prohibited from re-registering as late applicants, plaintiff has met her burden of demonstrating serious questions

---

[1] Counsel for defendant stated during oral argument that in paragraph sixteen of Kim Dempsey's declaration, Dempsey avers that the policy is uniform; however, that portion of the Dempsey declaration is at least ambiguous and appears to be directed exclusively to applicants seeking accommodation. The court invited counsel to file the page of the instruction booklet that informed all registrants, disabled and non-disabled, that LSAC prohibits re-registration as a late applicant once a timely registration is on file, even if that registration is withdrawn and a new fee and timely late application is filed. Instead, counsel filed a letter brief, with accompanying documents, addressing other matters. The court may draw the inference from this unhelpful response that no such instructions exist and that non-disabled registrants may re-register as late registrants even if they have already registered in time for the regular deadline but then cancelled the registration.

regarding the merits of her claim.

Plaintiff has also shown that the balance of hardships tips sharply in her favor. Plaintiff is a C2 quadriplegic. (Mot. at 1.) She alleges that if relief is denied, she will need to dedicate a substantial amount of time and effort to prepare for a subsequent administration of the LSAT. (Mot. at 12.) Defendant argues that granting the relief requested by plaintiff will undermine its role as regulator of the integrity of the LSAT and deprive it of the opportunity to defend the reasonableness of its policy in court. (Opp'n at 20-21.) The balance of these hardships depends on the relief granted. Because the following relief maintains the defendant as the arbiter of the appropriate accommodations, the balance of hardships tips sharply in plaintiff's favor.

Plaintiff's request that defendant be ordered to provide the requested accommodations is DENIED. Plaintiff's request for other relief is GRANTED. Defendant is ordered to treat plaintiff as a timely late-registrant and evaluate plaintiff's accommodation application to determine what accommodations, if any, are appropriate. Defendant shall inform plaintiff of the results of its evaluation within 24 hours of the issuance of this order.

////

////

////

////

1  Entered this day of June 9, 2005 at 8:35 AM in Sacramento,
2  California.    IT IS SO ORDERED.
3
4
5
6  DAVID F. LEVI
   Chief United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26